# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: C.C. and M.C.

No. 16-0546 (Summers County 15-JA-1 & 15-JA-2)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.C., by counsel John C. Anderson II, appeals the Circuit Court of Summers County's April 25, 2016, order terminating her parental rights to eight-year-old C.C. and five-year-old M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Martha J. Fleshman, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children based on the erroneous finding that she could not substantially correct the conditions of abuse and neglect in the near future.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition against petitioner in which it alleged the following: that C.C. stated his intention at school to commit suicide; that C.C. believed his body would "just turn to ashes" because his father, who had died of a drug overdose the summer before, was cremated; that petitioner's boyfriend verbally and physically

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

abused the children, which included striking C.C. in the head with a flashlight and hitting M.C. in the lip causing it to bleed; that the children's aunt lived with them and also struck them with a belt; that petitioner took no steps to prevent the abuse by her boyfriend or the aunt; and that C.C. witnessed petitioner and the aunt crush pills with a card and "suck it up their nose with a straw."

At both the preliminary and adjudicatory hearings, petitioner admitted that there were problems in her home that affected her children. At the adjudicatory hearing, which was held in March of 2015, petitioner stipulated to the allegations in the petition. Based on her stipulation, the circuit court adjudicated her as an abusing parent. Thereafter, the circuit court granted petitioner's motion for a ninety-day, post-adjudicatory improvement period.

Following review hearings on petitioner's progress in her improvement period, the circuit court held two dispositional hearings in August and September of 2015, respectively. The first dispositional hearing was continued because petitioner was reportedly in a car accident and was taking prescription pain medication that prevented her from testifying. At the second of those hearings, petitioner moved for a dispositional improvement period. Although initially stating its intention to seek termination of petitioner's parental rights, the DHHR did not oppose petitioner's motion, and the circuit court granted petitioner a ninety-day, dispositional improvement period.

At a review hearing in December of 2015, the circuit court extended petitioner's dispositional improvement period for an additional ninety days. However, it was noted at the hearing that petitioner was making "mixed" progress on her improvement period. In granting petitioner more time for parental improvement, the circuit court informed petitioner that she was "at the end of her rope" and that she needed to "make significant progress or she may lose her rights to her children."

In March of 2016, the circuit court held a final dispositional hearing. Evidence established that petitioner completed many of the terms of her improvement period, including obtaining employment, passing a number of drug screens, completing her psychological evaluation, and substantially attending parenting and adult life skills classes. However, evidence further established that petitioner tested positive for opiates on two of her last three drug screens;[3] failed to submit to each drug screen ordered; missed several parenting and adult life skills classes; failed to follow through with the recommendations in her psychological evaluation to attend weekly psychotherapy, complete substance abuse education, and meet with a psychiatrist to consider medication management. Based on the entirety of the evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was in the

---

[3]At various times and for various reasons during these proceedings, petitioner was prescribed pain medication. According to the guardian, petitioner was prescribed pain medication only because she failed to inform medical personnel that she had a substance abuse problem, which would have changed the medication she was prescribed. That said, petitioner admits in her brief to this Court that she failed two of her last three drug screens for opiates. Petitioner neither argues, nor cites to the record to support the conclusion, that she had a valid prescription for opiates when she tested positive for that substance.

children's best interests. As such, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights based on the finding that she could not correct the conditions of abuse or neglect in the near future, a finding she claims is erroneous. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In this case, while petitioner partially complied with the rehabilitative efforts of the DHHR, she failed to substantially follow through with those efforts. The evidence before the circuit court reveals that petitioner did not comply with the recommendations of her psychological evaluation; failed to submit to each drug screen ordered; missed several parenting

and adult life skills classes; and tested positive for opiates on two of her last three drug screens. Here, petitioner exposed her then six-year-old son to her drug use, and her son was later able to describe witnessing petitioner and his aunt crushing pills with a card and sniffing them through a straw. It is undisputed that petitioner continued to use opiates throughout these proceedings, which is evidenced by her positive test results on two drug screens prior to the dispositional hearing. Given petitioner's failed drug screens and other shortcomings during her periods of parental improvement, we find no error in the circuit court's ruling that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future. As such, we find that petitioner's assignment of error is without merit.

For the foregoing reasons, we hereby affirm the circuit court's April 25, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II